Filed 10/14/14  P. v. Stenroos CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C075478 |
| Plaintiff and Respondent, | (Super. Ct. No. CM035566) |
| v. | |
| TAWNYA RENEE STENROOS, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

In July 2012 defendant Tawnya Renee Stenroos pleaded no contest to felony false personation.  (Pen. Code, § 529; undesignated section references are to the Penal Code.)  The parties stipulated that the factual basis for the plea could be taken from the probation report.  Defendant was advised she could receive a maximum sentence of three years in state prison.

According to the probation report, on November 30, 2011, Julie Chapman contacted the Oroville Police Department to report that she had received a citation for a

seat belt violation of which she was unaware. She stated that a few years before, defendant had falsely used Chapman's identity when arrested for a drug-related case. The owner of the vehicle listed on the traffic citation told the police that defendant had been a passenger when the vehicle was pulled over and the occupants received seat belt citations. When contacted, defendant admitted that she had identified herself to the police as Chapman on both the present occasion and in 2008.

In September 2012 the trial court suspended imposition of sentence and granted defendant formal probation for three years, including 30 days in county jail.

In December 2012 a petition for violation of probation was filed, alleging that defendant had tested positive twice for methamphetamine and had failed to sign up for and participate in a substance abuse education class as required by her probation conditions.

In May 2013 defendant admitted the violation of probation. Finding at the sentencing hearing in October 2013 that the allegations of the petition provided the factual basis for defendant's admission, the trial court declined to reinstate probation and sentenced defendant to the middle term of two years in county jail. The court awarded defendant 30 days of presentence custody credit (15 actual days and 15 conduct days). The court imposed a $240 restitution fine (§ 1202.4, subd. (b)) and a $240 probation revocation restitution fine (§ 1202.44), a $40 court operations assessment (§ 1465.8), a $30 criminal conviction assessment (Gov. Code, § 70373), a $286 presentence investigation report fee (§ 1203.1b), a $25 criminal justice administration fee (cf. § 1202.4, subd. (*l*)), and an aggregate amount of $760 pursuant to section 672 and appurtenant assessments.[1]

---

[1] This sum consisted of a base fine of $200 (§ 672) plus a $40 court surcharge (§ 1465.7), a $100 state court facilities construction fund assessment (Gov. Code, § 70372, subd. (a)), a $200 state penalty assessment (§ 1464), a $140 county penalty

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We remand the matter to the trial court, however, with directions to prepare an amended abstract of judgment that includes the $25 criminal justice administration fee orally imposed by the trial court and sets out its statutory basis.

## DISPOSITION

Defendant's conviction and sentence are affirmed. The matter is remanded for the preparation of an amended abstract of judgment as explained above. We direct the trial court to prepare an amended abstract of judgment in accordance with this opinion and to forward a certified copy thereof to the relevant authorities.

                                                     RAYE                , P. J.

We concur:


            BLEASE            , J.


            HULL             , J.

---

assessment (Gov. Code, § 76000), a $20 DNA identification fund assessment (Gov. Code, § 76104.6), and a $60 DNA identification fund assessment (Gov. Code, § 76104.7).

3